

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Edgar Hutchins
County Attorney
Hunt County
Greenville, Texas

Dear Sir:

Opinion No. O-6910
Re: Whether county has authority
to levy ad valorem taxes for
county and state purposes on
the properties of an electrical
cooperative chartered under
the provisions of Article 1528b,
(the Electric Cooperative Cor-
poration Act), and related
question.

Your request for opinion, which has been considered
carefully by this department, reads as follows:

"I would like to have an official opinion
from your department on the following proposi-
tions:

"1. Does the county have authority to
levy ad valorem taxes for county and state
purposes on the properties within the county
of an electric co-op chartered under the pro-
visions of Article 1528b RCS of Texas?

"2. If you answer question No. 1 in the
affirmative does the District Court of the County
levying the ad valorem tax have jurisdiction in
a delinquent tax suit against the electric co-op?

"I am unable to find any cases in point which
will answer the above two questions. It is the
contention of the Electric Co-op that under section
25(a) of Article 1528b the corporation being a non-
profit public utility is not subject to an ad valorem
tax levy, and it is their further contention that
because the Rural Electrification Administration as
an agency of the Federal Government has a Deed of

Trust on record covering all the properties of the
co-op located within the county that they would be
subject only to (token) payments rather than regular-
ly assessed ad valorem taxes as same apply to proper-
ties belonging to other corporations.

"I will appreciate your assistance in this
matter."

All exemptions from ad valorem taxes must be based
upon the provisions of Section 2 of Article VIII of the Con-
stitution of Texas. That section authorizes the Legislature
to exempt certain property from taxation, and provides further
that "all laws exempting property from taxation other than the
property above mentioned shall be null and void." We are un-
able to find in said Section any provision which would author-
ize the exemption of property belonging to an electrical co-
operative incorporated under the provisions of Article 1528b
from ad valorem taxes.

The corporations authorized by the provisions of
Article 1528b are private corporations, and the mere fact
that they are non profit corporations does not make them tax
exempt. They are in no sense state agencies, as are the
various Districts and Authorities created directly by Acts
of the Legislature pursuant to Article XVI, Section 59, of
the Constitution.

Section 25 of Article 1528b reads as follows:

"(a) Each corporation shall be operated without
profit to its members but the rates, fees, rents, or
other charges for electric energy and any other
facilities, supplies, equipment, or services fur-
nished by the corporation shall be sufficient at
all times

"(1) To pay all operating and maintenance ex-
penses necessary or desirable for the prudent con-
duct of its business and the principal of and in-
terest on the obligations issued or assumed by the
corporation in the performance of the purpose for
which it was organized, and

Hon. Edgar Hutchins, Page 3

"(2) For the creation of reserves.

"(b) The revenues of the corporation shall be
devoted first to the payment of operating and
maintenance expenses and the principal and in-
terest on outstanding obligations, and thereafter
to such reserves for improvement, new construction,
depreciation, and contingencies as the Board may
from time to time prescribe.

"(c) Revenues not required for the purposes set
forth in Sub-section (b) of this Section shall be
returned from time to time to the members on a pro
rata basis according to the amount of business done
with each during the period, either in cash, in
abatement of current charges for electric energy,
or otherwise as the Board determines; but such re-
turn may be made by way of general rate reduction
to members, if the Board so elects."

Certainly there is nothing in this section to in-
dicate a legislative intention to exempt any part of the pro-
perties of such co-operatives from taxation.

Attention is called to Section 30 of the Electric
Cooperative Corporation Act:

"Corporations formed hereunder shall pay
annually on or before May first, to the Secretary
of State, a license fee of Ten Dollars ($10) and
such corporations shall be exempt from all other
excise taxes of whatsoever kind or character."
(Emphasis added)

This is the only reference to a tax exemption con-
tained in the entire act, and since it is limited to excise
taxes it must be construed as a tacit recognition that such
corporations are subject to all other types of taxes.

The fact that the R. E. A., an agency of the Federal
Government, is the holder of a deed of trust on the properties
of the corporation cannot change the above conclusion. The

Edgar Hutchins, Page 4

R. E. A. holds no more than the naked legal title to the property, while the equitable title, the use, remains in the cooperative. It is settled that the property must be rendered and assessed in the name of the trustor, and the trustee is not liable for any part of the taxes accruing thereon. Harvey v. Provident Investment Co., 156 S. W. 1127; Buttram v. Gray County, 62 Fed. (2) 47.

In answer to your second question: The statutes pertaining to suits to foreclose tax liens (Arts. 7326, 7328, 7328.1, and 7345b) require that such suits be brought in the district court of the county in which the real estate is situated.

For your general information and assistance we are enclosing herewith a copy of our Opinion No. 0-2600.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Arthur L. Moller*
Arthur L. Moller
Assistant

ALM:ddt
Encl.

APPROVED 3 1945

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN